*850 CALLAHAN, Circuit Judge.
I respectfully dissent. In my view, the complaint at issue here would have survived a motion to dismiss for failure to state a claim before 2007. However, that year the Supreme Court decided Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Apparently, the government didn’t feel the ripple in the Force caused by Twombly, or hear the cries of the thousands of complaints that died as a result of the decision. After Twombly, it is not enough that a complaint alleges a claim in which discrimination is possible; now a complaint must allege facts that establish a claim for discrimination which is plausible. Id. at 557-58, 127 S.Ct. 1955 (explaining “that something beyond the mere possibility of loss causation must be alleged, lest a plaintiff with ‘a largely groundless claim’ be allowed to ‘take up the time of a number of other people, with the right to do so representing an in terrorem increment of the settlement value.’ ” (quoting Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005))). This case perfectly demonstrates an insufficient pleading because the government has “not nudged [its] claims across the line from conceivable to plausible....” Id. at 570,127 S.Ct. 1955.
In Starr v. Baca, 652 F.3d 1202,1215-16 (9th Cir.2011), we reviewed recent Supreme Court opinions related to the pleading standard and found that
whatever the difference between these cases, we can at least state the following two principles common to all of them. First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.
Id. at 1216. Here, the First Amended Complaint (“FAC”) simply recites the elements of a cause of action.
The allegations in the FAC regarding Union Auto Sales’ (“Union”) discriminatory conduct do not “plausibly suggest an entitlement to relief.” Id. First, the government alleges that Union “originated more than 1400 automobile loans between January 1, 2004 and December 31, 2006,” and that it classified “at least 200 borrowers as Asian and at least 1200 borrowers as non-Asian, many of whom were Hispanic.” FAC ¶ 19. Next, it alleges that Union charged non-Asian borrowers “approximately 35 to 155 basis points higher than Asian borrowers.” FAC ¶ 20. It then alleges that “[m]ore than 600 non-Asian customers ... were charged overages higher than the mean overage charged to Asian borrowers during the covered time period.” Id. Since there were 1200 non-Asian borrowers, this allegation states that half the non-Asian borrowers were charged overages higher than the average Asian borrower. This is not sufficient to nudge the government’s claim across the line from conceivable to plausible. See Twombly, 550 U.S. at 570, 127 S.Ct. 1955.
The government further alleges that Union “did not use formal, written, or uniform underwriting guidelines to set interest rate markups. Instead, employees ... were granted the discretion to engage in subjective decision-making and set overages within broad parameters. This discretion was exercised in a manner that discriminated against non-Asian borrowers.” FAC ¶ 18. The government also alleges that “[t]he difference in overages between the automobile loans made to non-Asian customers ... and those made *851 to Asian customers cannot be explained fully by factors unrelated to race or national origin such as differences in the customers’ creditworthiness. These differences are statistically significant.” FAC ¶ 21. The government’s wholly conclusory allegations “amount to nothing more than a ‘formulaic recitation of the elements’ of a constitutional discrimination claim,” and the Supreme Court has made clear that conclusory allegations are not sufficient to state a claim. Ashcroft v. Iqbal, 556 U.S. 662, 681, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Twombly, 550 U.S. at 555, 127 S.Ct. 1955).
I would hold the government to the same pleading standard other plaintiffs must satisfy. Like any other plaintiff, the government must allege a claim for relief that rises above possible; it must be plausible. Because the government’s complaint here falls short, I dissent.